**General Motors Corp. v. Turner**
**Case No. 4-88-8**
**Defiance County (3rd)**
**Decided January 3, 1990**
[Cite as 1 AOA 118]

*Messrs. Jones, Day, Reavis & Pogue,*
*Mr. Robert S. Walker,*
*Mr. Joseph P. Pollack, Attorneys At Law, 901 Lakeside Avenue, Cleveland, Ohio 44114, For Appellant,*

*Hon. Anthony J. Celebrezze, Jr., Attorney General, Mr. George H. Calloway,*
*Mr. Patrick K. Wilson,*
*145 South Front Street,*
*Columbus, Ohio 43215, For Appellees.*

MILLER, J.

This is an appeal by appellant, General Motors Corp., from a judgment of the Court of Common Pleas of Defiance County. Appellee,

Richard J. Turner, was employed by appellant, General Motors Corp. from May, 1954 to September 26, 1986. From September 29, 1986 to November 8, 1986 appellant was laid off from his job due to lack of work. Appellee was to be called back to work on January 12,1987.

On November 4, 1986, the appellee filed an application for determination of benefit rights with the Ohio Bureau of Employment Services.

On November 14, 1986, the appellant suspended appellee and subsequently discharged him for allegedly receiving pay for hours not worked.

On November 21, 1986, a settlement was completed between the corporation and the appellee's union, placing the appellee on disciplinary layoff for thirty (30) days beginning on November 14, 1986 and, the balance of time up until January 12, 1987 was to be considered a personal leave of absence.

The Administrator for the Ohio Bureau of Employment Services issued an initial determination that Richard Turner was separated from employment due to lack of work, and allowed the benefits claim for the week ending November 8, 1986. On reconsideration the Administrator affirmed the initial determination.

The appellant corporation appealed the determination to the Ohio Unemployment Compensation Board of Review. The Board of Review affirmed the Administrator's determination on reconsideration.

Appellant appealed the final decision of the Unemployment Compensation Board of Review to the Court of Common Pleas of Defiance County.

The Court found that the Board of Review's decision was "not unlawful, unreasonable, nor against the manifest weight of the evidence."

The appellant appeals from this judgement entry, setting forth two assignment of error.

## ASSIGNMENT OF ERROR NUMBER ONE:

"ALLOWING MR. TURNER TO RECEIVE BENEFITS FOR WEEKS ENDING AFTER NOVEMBER 14, 1986 IS UNLAWFUL, UNREASONABLE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE RECORD IS UNCONTRADICTED THAT HE HAD BEEN GIVEN A DISCIPLINARY LAYOFF FOR MISCONDUCT IN CONNECTION WITH HIS WORK UNDER O.R.C. 4141.29(D) (1) (b). "

## ASSIGNMENT OF ERROR NUMBER TWO:

"THE DECISION BELOW ALLOWING MR. TURNER UNEMPLOYMENT COMPENSATION BENEFITS IS UNLAWFUL AND UNREASONABLE BECAUSE THE BUREAU FAILED TO RULE UPON THE ISSUE RAISED BY GENERAL MOTORS ELIGIBILITY NOTICE."

Appellant contends that a claimant for unemployment benefits may be placed on disciplinary layoff for misconduct while on layoff for lack of work, subject to recall, thereby becoming ineligible for further benefits.

R. C. 4141.28(D) (1), effective 9-24-86, provided in pertinent part:

"(D) (1) The administrator or his deputy shall examine the first claim for benefits filed in any benefit year, and any additional claim, and on the basis of any facts found by him shall determine whether division (D) of section 4141.29 of the Revised Code is applicable to the claimant's most recent separation and, to the extent necessary, prior separations from work, and whether such claim shall be allowed or disallowed. * * *"

R.C. 4141.28(D) (2), effective 9-24-86, provided in pertinent part:

"(2) The administrator or his deputy shall also examine each continued claim for benefits filed, and on the basis of any facts found by him shall determine whether such claim shall be allowed. * * *"

R.C. 4141.29(D), effective at the time, provided in pertinent part:

"(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:

"(1) For any week with respect to which the administrator finds that:

"(b) He has been given a disciplinary layoff for misconduct in connection with his work.

"(2) For the duration of his unemployment if the administrator finds that:

"* * *

"(f) He became unemployed because of dishonesty in connection with his most recent or any base period work. * * *"

The appellee contends that the effect of the disciplinary action on the claimant's right to receive benefits after November 8, 1986 cannot be resolved because the Board of Review must initially determine the claimant's right to his "first claim" of benefits and only after the whole matter has proceeded through the appeals process can the employer challenge a claimant's "continued claim."

R. C. 4141.01(F) defines the following:

"'Additional claim' means the first claim for benefits filed following any separation from employment during a benefit year; 'continued claim' means any claim other than an additional claim."

Appellee further argues that any determination of claimant's rights to benefits after November 8, 1986 would constitute a determination of a "continued claim", and therefore R.C. 4141.29(D) (2) does not apply in this case.

In *Batavia Nursing and Convalescent Inn* v. *Kidd* June 23, 1986), Clermont App. No. CA85-12-113, unreported, a case not binding upon this court, but with which we agree, the Court stated:

"Appellants argue that an examination of R.C. 4141.29(D) (2) (a) and (f) is not permissible in the case of a 'continued claim'. We disagree with this narrow reading of the statute. First, it would lead to an absurd result. Laid-off claimants would be entitled to continuous benefits even though not permitted to return work because of dishonesty or other misconduct discovered during the layoff. Second, R.C. 4141.29(D) (2) (f) applies where an employee 'became unemployed' because of dishonesty. An employee who became unemployed due to a layoff can 'become unemployed' as a result of being discharged for dishonesty if, but for the discharge, the employee would have been recalled, as is the case here. Third, the result urged by appellant would contravene the obvious intent of the legislature that employees discharged for cause not be awarded benefits. Further, R.C. 4141.28(D) (2) requires that each continued claim be examined for any fact which determines whether the claim shall be allowed. Certainly, employee dishonesty toward his or her employer is a fact relevant to the determination.

"Most importantly, the Ohio Supreme Court has recognized that the reason for a claimant's separation from his job can be changed after that separation where an action after the separation terminates the employee-employer relationship. *Baugh* v. *United Telephone Company* (1978), 54 Ohio St. 2d 419.

In *Baugh*, the court held that claimants who initially left their jobs due to a labor dispute, and who therefore were disqualified for benefits under R.C. 4141.29(D) (1) (a), were eligible to receive benefits after their employer terminated the employer-employee relationship by hiring replacements.

The court found that since the employer's action of replacing the workers and not the labor dispute became the proximate cause of the claimant's unemployment at the moment they were replaced, the statutory disqualification terminated.

The reasoning in *Baugh* also applies here, for when claimant was discharged on March 24, her alleged misconduct became the proximate cause of her unemployment."

R.C. 4141.01(R) provides:

"* * * An individual is 'unemployed' if, with respect to the calendar week in which such application is filed he is 'partially unemployed' or 'totally unemployed' as defined in this section, or if, prior to filing his application, he was separated from his most recent work for any reason which terminated his employee-employer relationship, or was laid off indefinitely or for a definite period of seven or more days."

The Court in *Batavia Nursing, supra,* stated:

"Under the Ohio Unemployment Compensation Act, an employer-employee relationship continues while an employee is laid off subject to recall. * * *"

In addition, the Court in *Batavia Nursing, supra,* referring to R.C. 4141.01(R), stated:

"* * * By referring to termination of the employer-employee relationship and layoff alternatively, the statute clearly indicates that a layoff does not terminate the employer-employee relationship. Therefore, the employee can be 'separated from employment while laid off and, as discussed above, the reason for the separation can change'."

The standard of review for this court is set forth in *Angelkovski v. Buckeye Potato Chips* (1983), 11 Ohio App. 3d 158, 161, as follows:

"The role of an appellate court, in reviewing a determination of a court of common pleas on manifest weight of the evidence on appeal from the [board of review], is different. The function of the court of common pleas, in determining whether the board's decision is against the manifest weight of the evidence, necessarily involves the exercise of sound discretion. Accordingly, an order of the court of common pleas based upon a determination of the manifest weight of the evidence, may be reversed only upon a showing that the court abused its discretion. See *Rohde v. Farmer* (1970), 23 Ohio St. 2d 82 [52 O.O.2d 376]. In this context, the meaning of the term 'abuse of discretion' connotes more than an error of judgment; it implies a decision without a reasonable basis, one which is clearly wrong."

We conclude that the change in the claimant's unemployment status after his layoff from General Motors due to his misconduct is relevant to the application of Ohio Unemployment Compensation Law.

Therefore, since the evidence in the record establishes that the appellee's claim for benefits for week ending November 14, 1986 was a "continued claim", and that the appellee was not eligible for benefits pursuant to R.C. 4141.29(D) for such week, it was an abuse of discretion for the court of common pleas to affirm the Board of Review's decision allowing appellee to receive benefits while on disciplinary layoff.

For the reasons set forth above, the judgment of the court of common pleas affirming the Board of Review's decision allowing appellee, Richard Turner, to receive unemployment benefits is reversed.

*Judgment reversed.*

EVANS, P.J., and SHAW, J., concur.